1  David W. Lively (State Bar No. 83642)
   Matthew P. James (State Bar No. 211860)
2  HOPKINS & CARLEY
   A Law Corporation
3  The Letitia Building
   70 S. First Street
4  San Jose, CA  95113-2406

5  *mailing address:*
   P.O. Box 1469
6  San Jose, CA 95109-1469

7  Telephone:    (408) 286-9800
   Facsimile:    (408) 998-4790
8
   Attorneys for Plaintiff
9  INDEPENDENT ELECTRIC SUPPLY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INDEPENDENT ELECTRIC SUPPLY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SOLAR INSTALLS, INC., a Utah corporation dba SOLAR ELECTRICAL INSTALLS; CLEAR SOLAR CO., a Utah corporation dba CLEAR SOLAR INSTALLS; DAVID L. SOUTHAM, an individual; PAUL SOUTHAM, an individual; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. 18-1435<br><br>**COMPLAINT FOR DAMAGES FOR BREACH OF CONTRACT, AGREED VALUE OF GOODS SOLD AND DELIVERED, REASONABLE VALUE OF GOODS SOLD AND DELIVERED, ON ACCOUNT STATED, ON OPEN BOOK ACCOUNT, FRAUD, AND NEGLIGENT MISREPRESENTATION**<br><br>UNLIMITED CIVIL – OVER $25,000<br><br>JURY TRIAL DEMANDED<br><br>28 U.S.C. §1332 |

Plaintiff complains of Defendants, and each of them, and alleges:

**PARTIES**

1.  Plaintiff, INDEPENDENT ELECTRIC SUPPLY, INC. ("IES" or "Plaintiff") was at all times herein mentioned, and now is, a corporation duly organized, existing, and doing business under and by virtue of California law, with its principal place of business in San

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

587\2869617.1

COMPLAINT

Leandro, Alameda County, California.

2. Plaintiff is informed and believes, and so alleges, that Defendant SOLAR INSTALLS, INC. ("Solar Installs") is a corporation organized and existing under the laws of the state of Utah, with its principal place of business at 135 South Mountain Way Drive, Orem, Utah, 84058.

3. Plaintiff is informed and believes, and so alleges, that Solar Installs does business as Solar Electrical Installs.

4. Plaintiff is informed and believes, and so alleges, that Defendant CLEAR SOLAR CO. ("Clear Solar") is a corporation organized and existing under the laws of the state of Utah, with its principal place of business at 135 South Mountain Way Drive, Orem, Utah, 84058.

5. Plaintiff is informed and believes, and so alleges, that Defendant Clear Solar does business as Clear Solar Installs.

6. Plaintiff is informed and believes, and based thereon alleges, that Defendant DAVID L. SOUTHAM ("David Southam") is an individual who resides in Mapleton, Utah, and at all relevant times herein was the President of Solar Installs.

7. Plaintiff is informed and believes, and based thereon alleges, that Defendant PAUL SOUTHAM ("Paul Southam") is an individual who resides in Salem, Utah, and at all relevant times herein was the President of Clear Solar.

8. Plaintiff is informed and believes, and based thereon alleges, that David Southam and Paul Southam are brothers.

9. Plaintiff is informed and believes, and based thereon alleges, that Linda Eads is an individual who resides in Utah, and at all relevant times herein was the Controller of Clear Solar.

10. The true names and capacities of DOES 1 through 50 are unknown to Plaintiff, who therefore sues them by such fictitious names. Plaintiff prays leave to amend this Complaint to show the true names and capacities of said DOES when the same has been ascertained. Plaintiff is informed and believes, and so alleges, that each of said DOES is responsible for Plaintiff's damages as hereinafter alleged and described.

11. Plaintiff is informed and believes, and based thereon alleges, that Defendants, and

each of them, are, and at all times herein mentioned were, the agents, servants, employees, and representatives of their Co-Defendants, and were at all times herein mentioned acting within the scope, purpose, and authority of such agency, service, employment, and representation, and with the permission, knowledge, and the consent of their Co-Defendants; any reference hereinafter to "Defendants" is intended by Plaintiff to refer to "Defendants, and each of them."

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and there is complete diversity among the parties.

## GENERAL ALLEGATIONS

13. Plaintiff is informed and believes, and so alleges, that Defendants David Southam, Paul Southam, and DOES ONE through FIFTY, hereinafter jointly referred to at times as "Shareholder Defendants", were at all times herein mentioned, and now are, the owners of a controlling interest in the shares of stock of Defendant, Solar Installs, and/or were promoters of Solar Installs and subscribers to shares of its stock in a number unknown to Plaintiff, who will amend this Complaint to show the true number of such subscriptive shares when the same has been ascertained.

14. Plaintiff is informed and believes, and so alleges, that at all times herein mentioned there existed a unity of interest in ownership between Shareholder Defendants and Solar Installs, such that any individuality and separateness between Shareholder Defendants and Solar Installs was the alter ego of Shareholder Defendants in that, among other reasons, Solar Installs was a mere shell and sham without capital or assets, in that Solar Installs was conceived, intended, and/or used by Shareholder Defendant as a device to avoid individual and/or corporate liability and for the purpose of substituting a financially insolvent corporation in their place; in that Solar Installs was so inadequately capitalized that, compared with the business to be done by Solar Installs and the risks of loss attendant thereon, such capitalization was illusory and/or trifling; in that Shareholder Defendants used assets of Solar Installs for their respective personal and/or corporate uses, caused assets of Solar Installs to be transferred to them without adequate

consideration, and withdrew funds belonging to Solar Installs for their respective personal and/or corporate uses, in that Solar Installs was at all times herein mentioned a mere shell, instrumentality, and conduit through which Shareholder Defendants carried on their business in the corporate name exactly as they had conducted it previous to incorporation and/or previous to their acquiring a controlling interest in the shares of its stock and/or previous to becoming promoters thereof and subscribers to shares of its stock, exercising complete control and dominance of the business done by Solar Installs to such an extent that any individuality or separateness of Solar Installs and Shareholder Defendants at all times herein mentioned did not exist in that the activities and business of Solar Installs were carried on without the holding of directors' or shareholders' meetings, no records of meeting or corporate proceedings were maintained, and Shareholder Defendants entered into personal transactions with Solar Installs without the approval of  other directors or shareholders; and/or in that Shareholder Defendants at all times herein mentioned used the offices and facilities and/or employed the employees of Solar Installs and their respective offices and facilities and/or their respective employees.

15. Plaintiff is informed and believes, and so alleges, that the degree of unity of interest and ownership among Defendant Clear Solar ("Related Company") on one hand, and Solar Installs, on the other, makes the separate corporate personalities merged so that, in practice, the entities form a single enterprise.

16. Plaintiff is informed and believes, and so alleges, that adherence to the fiction of the separate existence of Solar Installs as an entity distinct from Shareholder Defendants and Related Company would permit an abuse of the privilege of incorporation and would sanction fraud and/or promote injustice in that, among other circumstances, Shareholder Defendants and Related Company caused monetary and other assets to be withdrawn from the funds of Solar Installs without any consideration, or with insufficient consideration to Solar Installs, all for the purpose of evading civil liability by avoiding and preventing attachment and execution by creditors, including Plaintiff, thereby rendering Solar Installs insolvent and unable to fully perform its obligations, and in that, at all times herein mentioned, Shareholder Defendants and Related Company falsely and fraudulently and/or negligently represented to Plaintiff that Solar

1  Installs was so capitalized and so solvent as to enable it to fully perform any obligations
2  undertaken by it, including specifically the obligations to Plaintiff hereinafter set forth, when in
3  truth and fact Solar Installs was not so capitalized and was insolvent.  As a result of the all
4  defendants' ratification of the conduct of each other defendant, all defendants, including, without
5  limitation, Shareholder Defendants and Related Company, are jointly and severally liable to
6  Plaintiff for its injuries, as alleged herein.

**FIRST CAUSE OF ACTION**
**(Breach of Contract against Solar Installs, Clear Solar, David Southam, Paul Southam, and DOES 1 through 50, inclusive)**

17.  Plaintiff refers to Paragraphs 1 through 16, inclusive and makes them a part hereof as though fully set forth herein.

18.  On or about July 15, 2016, in Alameda County, California, IES and Solar Installs entered into a written contract ("Contract"), whereby IES agreed to sell electrical materials on a credit account to Solar Installs as ordered by Solar Installs and whereby Solar Installs agreed to pay to IES the sums due therefor.

19.  IES has performed all conditions and obligations of the Contract to be performed by it.  In particular, IES sold and delivered certain solar panels and other components ("Materials") to Solar Installs on Solar Install's credit account, as ordered by Solar Installs.

20.  Commencing in or about June, 2017, Solar Installs breached the Contract by failing to pay to IES the agreed balance due for said orders in accordance with the terms and conditions of the Contract, and there is now due, owing, and unpaid to Plaintiff for and on account thereof the sum of $324,540.03, after deducting all just credits and offsets to which Solar Installs is entitled.  Although IES has repeatedly requested that Solar Installs perform pursuant to the Contract, Solar Installs has failed and refused to do so.

21.  As part of the Contract, Solar Installs agreed to pay to IES liquidated damages of one and one-half percent per month (1.5%) or eighteen percent (18 %) per annum on the principal balance due, at the rate of $160.05 per day.  Should Plaintiff not be lawfully entitled to any or all of such liquidated damages, then Plaintiff prays for interest at the maximum rate permitted by law, according to proof.

22. As part of the Contract, Solar Installs further agreed to pay to IES all costs incurred, including reasonable attorney fees in regard to collection of any sums due from Solar Installs. IES has been compelled to incur attorney fees to collect the sums due from Solar Installs and IES requests attorney fees in a reasonable amount.

WHEREFORE, Plaintiff prays judgment against Defendants as hereinafter set forth.

## SECOND CAUSE OF ACTION
**(Agreed Value of Goods Sold and Delivered against Solar Installs, Clear Solar, David Southam, Paul Southam, and DOES 1 through 50, inclusive)**

23. Plaintiff refers to Paragraphs 1 through 22, inclusive and makes them a part hereof as though fully set forth herein.

24. Within the last two (2) years in and about Alameda County, California, Defendants became indebted to IES in the agreed sum of $324,540.03, for certain Materials, sold and delivered to Solar Installs by IES, and Solar Installs then and there agreed to pay said amount.

25. Neither the whole nor any part of the above sum has been paid, although demand therefor has been made, and there is now due, owing, and unpaid from said Defendants to Plaintiff the sum of $324,540.03, after deducting all just credits and offsets, together with interest thereon at the rate of ten percent (10 %) per annum.

WHEREFORE, Plaintiff prays for judgment against Defendants as hereinafter set forth.

## THIRD CAUSE OF ACTION
**(Reasonable Value of Goods Sold and Delivered against Solar Installs, Clear Solar, David Southam, Paul Southam, and DOES 1 through 50, inclusive)**

26. Plaintiff refers to Paragraphs 1 through 25, inclusive and makes them a part hereof as though fully set forth herein.

27. Within the last two (2) years in and about Alameda County, California, Defendant became indebted to Plaintiff for certain Materials delivered by Plaintiff at Defendant's special request, the reasonable value of which said Defendants then and there agreed to pay to Plaintiff.

28. At the time of the sale and delivery of said goods, the reasonable value thereof was the sum of $324,540.03.

WHEREFORE, Plaintiff prays for judgment against Defendants as hereinafter set forth.

**FOURTH CAUSE OF ACTION**
**(Account Stated against Solar Installs, Clear Solar, David Southam, Paul Southam, and DOES 1 through 50, inclusive)**

29. Plaintiff refers to Paragraphs 1 through 28, inclusive and makes them a part hereof as though fully set forth herein.

30. Within the last two years, in and about Alameda County, California, an account was stated in writing by and between Plaintiff and Defendants, wherein it was agreed that Defendants were indebted to Plaintiff in the sum of $324,540.03.

WHEREFORE, Plaintiff prays for judgment against Defendants as hereinafter set forth.

**FIFTH CAUSE OF ACTION**
**(Open Book Account against Solar Installs, Clear Solar, David Southam, Paul Southam, and DOES 1 through 50, inclusive)**

31. Plaintiff refers to Paragraphs 1 through 30, inclusive and makes them a part hereof as though fully set forth herein.

32. Within the last two years, in or about Alameda County, California, Defendants became indebted to Plaintiff on an open book account for money due in the sum of $324,540.03, for Materials sold and delivered by Plaintiff to said Defendants at their special request and for which Defendants agreed to pay said sum.

WHEREFORE, Plaintiff prays for judgment against Defendants as hereinafter set forth.

**SIXTH CAUSE OF ACTION**
**(Fraud, against Solar Installs, David Southam and DOES 1 through 50, inclusive)**

33. Plaintiff refers to Paragraphs 1 through 32, inclusive and makes them a part hereof as though fully set forth herein.

34. On or about July 15, 2016, in Alameda, California, David Southam, on behalf of Solar Installs, falsely and fraudulently represented to Plaintiff in writing that:

(a) Solar Installs had total assets of $3,343,000, total liabilities of $1,041,500, and a total net worth of $2,301,500;

(b) Solar Installs had sufficient funds to pay Plaintiff for such materials in accordance with the terms and conditions of the Contract; and

(c) Solar Installs would comply with all terms and conditions set forth in the

1  Contract, including, without limitation, the terms of payment.

2      35.    The statements in Paragraph 34 were false.  The true facts were that Solar Installs
3  was insolvent, that it would not or could not pay for the materials purchased from Plaintiff on
4  Defendants' credit account in accordance with the terms and conditions of the Contract, that Solar
5  Installs was being used as a conduit to obtain materials which would be used, but not paid for, by
6  its related company, Clear Solar, and that Solar Installs did not have sufficient funds to pay
7  Plaintiff for such materials in accordance with the terms and conditions of the Contract.

8      36.    At the time the representations in Paragraph 34 were made, David Southam and
9  Solar Installs knew that they were false; and said representations were made with the intent to
10 defraud, deceive, and mislead Plaintiff, and to induce Plaintiff to act as herein alleged.

11     37.    In justifiable reliance thereon, Plaintiff was induced to and did furnish, certain
12 materials to Defendants on credit.  Had Plaintiff known the true facts, it would not have taken
13 such action.

14     38.    By reason of the foregoing, Plaintiff has been damaged in the principal sum of
15 $324,540.03 for unpaid Materials, together with interest on such unknown sum at the legal rate,
16 according to proof.

17     39.    Defendants' said conduct was willful, deliberate, malicious, and oppressive, and
18 was done with specific intent of defrauding Plaintiff in the manner and of the type alleged and
19 described herein; and thus, Plaintiff demands exemplary or punitive damages in a sum according
20 to proof.

21     WHEREFORE, Plaintiff prays judgment against Defendants as hereinafter set forth.

**SEVENTH CAUSE OF ACTION**
**(Negligent Misrepresentation, against Solar Installs, David Southam and DOES 1 through 50, inclusive)**

24     40.    Plaintiff refers to Paragraphs 1 through 39, inclusive and makes them a part hereof
25 as though fully set forth herein.

26     41.    On or about July 15, 2016, in Alameda, California, David Southam, on behalf of
27 Solar Installs, falsely and fraudulently represented to Plaintiff in writing that:

28     (a)    Solar Installs had total assets of $3,346,000, total liabilities of $1,041,500,

and a total net worth of $2,301,500;

      (b)    Solar Installs had sufficient funds to pay Plaintiff for such materials in accordance with the terms and conditions of the Contract; and

      (c)    Solar Installs would comply with all terms and conditions set forth in the Contract, including, without limitation, the terms of payment.

42. At the time said representations were made, Defendants knew or should have known that they had no information or insufficient information to make such representations, and thus no grounds or insufficient grounds for believing such representations to be true; and Defendants knew, or should have known, that by failing to communicate or otherwise concealing such information, Plaintiff would rely thereupon and would be deceived and misled thereby, and would be induced to act in the manner herein alleged.

43. In justifiable reliance thereon, Plaintiff was induced to and did furnish, certain materials to Defendants on credit. Had Plaintiff known the true facts, it would not have taken such action.

44. By reason of the foregoing, Plaintiff has been damaged in the principal sum of $324,540.03 for unpaid materials, together with interest on such unknown sum at the legal rate, according to proof.

WHEREFORE, Plaintiff prays judgment against Defendants as hereinafter set forth.

**EIGHTH CAUSE OF ACTION**
**(Fraud, against Solar Installs, Clear Solar and DOES 1 through 50, inclusive)**

45. Plaintiff refers to Paragraphs 1 through 44, inclusive and makes them a part hereof as though fully set forth herein.

46. In or about July 2017, in Alameda, California, Linda Eads, on behalf of Solar Installs and Clear Solar, falsely and fraudulently represented to Plaintiff in writing that Solar Installs had total assets of $4,839,577 and total liabilities of $2,921,150.

47. The statements in Paragraph 46 were false. The true facts were that Solar Installs was insolvent and that Solar Installs was being used as a conduit to obtain materials which would be used, but not paid for, by its related company, Clear Solar, and that Solar Installs did not have

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

587\2869617.1

- 9 -

COMPLAINT

1  sufficient funds to pay Plaintiff for such materials in accordance with the terms and conditions of
2  the Contract.

3  48.  At the time the representations in Paragraph 46 were made, Linda Eads, Solar Installs and Clear Solar knew that they were false; and said representations were made with the intent to defraud, deceive, and mislead Plaintiff, and to induce Plaintiff to act as herein alleged.

4  49.  In justifiable reliance thereon, Plaintiff was induced to continue to furnish certain materials to Defendants on credit.  Had Plaintiff known the true facts, it would not have taken such action.

5  50.  By reason of the foregoing, Plaintiff has been damaged in the principal sum of $324,540.03 for unpaid Materials, together with interest on such unknown sum at the legal rate, according to proof.

6  51.  Defendants' said conduct was willful, deliberate, malicious, and oppressive, and was done with specific intent of defrauding Plaintiff in the manner and of the type alleged and described herein; and thus, Plaintiff demands exemplary or punitive damages in a sum according to proof.

WHEREFORE, Plaintiff prays judgment against Defendants as hereinafter set forth.

### NINTH CAUSE OF ACTION
**(Negligent Misrepresentation, against Solar Installs, Clear Solar and DOES 1 through 50, inclusive)**

52.  Plaintiff refers to Paragraphs 1 through 51, inclusive and makes them a part hereof as though fully set forth herein.

53.  In or about July 2017, in Alameda, California, Linda Eads, on behalf of Solar Installs and Clear Solar, falsely and fraudulently represented to Plaintiff in writing that Solar Installs had total assets of $4,839,577 and total liabilities of $2,921,150.

54.  At the time said representations were made, Defendants knew or should have known that they had no information or insufficient information to make such representations, and thus no grounds or insufficient grounds for believing such representations to be true; and Defendants knew, or should have known, that by failing to communicate or otherwise concealing such information, Plaintiff would rely thereupon and would be deceived and misled thereby, and

would be induced to act in the manner herein alleged.

55. In justifiable reliance thereon, Plaintiff was induced to continue to furnish certain materials to Defendants on credit. Had Plaintiff known the true facts, it would not have taken such action.

56. By reason of the foregoing, Plaintiff has been damaged in the principal sum of $324,540.03 for unpaid materials, together with interest on such unknown sum at the legal rate, according to proof.

WHEREFORE, Plaintiff prays judgment as follows:

## PRAYER FOR RELIEF

**ON THE FIRST AND FOURTH CAUSES OF ACTION:**

1. For damages in the sum of $324,540.03, and in such additional sums according to proof;
2. For liquidated damages at the rate of $160.05 per day and/or interest, according to proof;
3. For reasonable attorney fees;
4. For costs of suit herein; and
5. For such other and further relief as the Court deemed just and proper.

**ON THE SECOND, THIRD, AND FIFTH CAUSES OF ACTION:**

1. For damages in the sum of $324,540.03, and in such additional sums according to proof;
2. For interest, according to proof;
3. For costs of suit herein; and
4. For such other and further relief as the Court deemed just and proper.

**ON THE SIXTH AND EIGHTH CAUSES OF ACTION:**

1. For damages in the sum of $324,540.03, and in such additional sums according to proof;
2. For interest, according to proof;
3. For exemplary or punitive damages in a sum according to proof;

|   |   |   |
|---|---|---|
| 1 | 4. | For costs of suit herein; and |
| 2 | 5. | For such other and further relief as the Court deemed just and proper. |

**ON THE SEVENTH AND NINTH CAUSE OF ACTION:**

1. For damages in the sum of $324,540.03, and in such additional sums according to proof;

2. For interest, according to proof;

3. For costs of suit herein; and

4. For such other and further relief as the Court deemed just and proper.

Dated:  March 5, 2018

HOPKINS & CARLEY
A Law Corporation


By: */s/ Matthew P. James*
　　David W. Lively
　　Matthew P. James
　　Attorneys for Plaintiff
　　INDEPENDENT ELECTRIC SUPPLY, INC.