UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INDEPENDENT ELECTRIC SUPPLY INC., <br><br> Plaintiff, <br><br> v. <br><br> SOLAR INSTALLS, INC., et al., <br><br> Defendants. | Case No. 18-cv-01435-KAW <br><br> **ORDER REQUIRING SUPPLEMENTAL BRIEFING** <br><br> Re: Dkt. No. 11 |

On April 2, 2018, Defendants filed a motion to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(2) and for forum non conveniens, or, in the alternative, to transfer venue. Having reviewed the parties' papers, the Court requires supplemental briefing regarding whether personal jurisdiction exists as to Defendants Clear Solar and Paul Southam.

(1) Can personal jurisdiction be established solely based on Defendants Clear Solar's and Paul Southam's failure to pay for the materials purchased by Defendant Solar Installs? *Cf. FDIC v. British American Ins. Co.*, 828 F.2d 1439, 1443 (9th Cir. 1987) ("the receipt of payment alone for services rendered outside the forum state is not sufficient to support personal jurisdiction").

(2) Plaintiff argues that Defendant Clear Solar has contacts including ordering materials from Plaintiff and advertising in California, while Defendant Paul Southam is the president of ClearSolar CA, a California corporation that is not a party to this case.[1] How do the

---

[1] Plaintiff also suggests that Clear Solar maintains a California corporation (ClearSolar CA) with headquarters in Ripon, California. (Plf.'s Opp'n at 13, Dkt. No. 15.) The Statement of Information for this corporation, however, does not indicate that there is any connection to Defendant Clear Solar. (Request for Judicial Notice, Exh. A, Dkt. No. 16.) Moreover, it is not clear how the existence of this corporation is relevant to the claims pled in this case.

1  causes of action in the instant case arise from these contacts?  Other than these contacts and the
2  alleged failure to pay for the materials purchased by Defendant Solar Installs, what contacts do
3  Defendants Clear Solar and Paul Southam have with this forum, and are they sufficient to
4  establish personal jurisdiction?

5      (3)    Plaintiff appears to argue that "adherence to the fiction of the separate existence of
6  Solar Installs as an entity distinct from Clear Solar and Paul and David Southam would permit an
7  abuse of the privilege of incorporation and would sanction fraud and/or promote injustice . . . ."
8  (Plf.'s Opp'n at 10, Dkt. No. 15.)  What authority is Plaintiff relying on for this argument?  Is
9  Plaintiff suggesting that the Court should impute Defendant Solar Installs's contacts to the
10 remaining Defendants, and if so, under what theory?  *See Stewart v. Screen Gems-Emi Music, Inc.*,
11 81 F. Supp. 3d 938, 954 (N.D. Cal. 2015) ("Courts have found in certain contexts that when one
12 business entity is the alter ego or is part of a single enterprise with another entity, the entity's
13 contacts in the forum should be imputed onto the affiliated entities").

14     The parties are directed to file a joint brief, setting forth their respective positions on these
15 issues, by **June 22, 2018**.  The parties shall include citations to the relevant case law in support of
16 their arguments.  The joint brief shall be no more than **ten** pages.  The hearing is continued to **July
17 5, 2018** at 1:30 p.m.

18     IT IS SO ORDERED.

19 Dated: June 1, 2018

_____
KANDIS A. WESTMORE
United States Magistrate Judge