UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

INDEPENDENT ELECTRIC SUPPLY INC.,

        Plaintiff,

   v.

SOLAR INSTALLS, INC., et al.,

        Defendants.

Case No.  18-cv-01435-KAW

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS OR TRANSFER VENUE**

Re: Dkt. No. 11

      On March 5, 2018, Plaintiff Independent Electric Supply, Inc. filed the instant case against Defendants Solar Installs, Inc. ("Solar Installs"), Clear Solar Co. ("Clear Solar"), David Southam, and Paul Southam.  (Compl. ¶¶ 18, 20, Dkt. No. 1.)  Pending before the Court is Defendants' motion to dismiss based on lack of personal jurisdiction or forum non conveniens, or in the alternative, to transfer venue to the District of Utah.  (Defs.' Mot. to Dismiss, Dkt. No. 11.)

      Upon consideration of the parties' filings, as well as the arguments presented at the July 5, 2018 hearing, Defendants' motion to dismiss, or in the alternative, to transfer venue is GRANTED IN PART AND DENIED IN PART.

## I.  BACKGROUND

      Plaintiff sells solar panels and other components.  (Compl. ¶¶ 18-19; *see also* Chow Decl. ¶ 1, Dkt. No. 18.)  On June 24, 2016, Plaintiff opened an account to provide materials to Defendant Clear Solar, typically on a cash on delivery ("COD") basis.  (Chow Decl. ¶ 5.)  Defendant Clear Solar's president was Defendant Paul Southam.  (Compl. ¶ 7.)

      In 2016, Defendant Clear Solar requested that an account be opened for Defendant Solar Installs.  (Chow Decl. ¶ 7.)  Because Defendant Clear Solar's orders had been on a COD basis, Plaintiff required that Defendant Solar Installs submit a written credit application, providing

financial information. (Chow Decl. ¶ 7.) On July 15, 2016, Defendant Solar Installs submitted the credit application, which was executed and signed by Defendant David Southam. (Chow Decl. ¶ 8, Exh. B at 2.) Plaintiff asserts that Defendants David Southam and Paul Southam are brothers. (Compl. ¶ 8.) The credit application listed Defendant David Southam as the president, and as the only owner and officer of Defendant Solar Installs. (Chow Decl., Exh. B at 1.) The credit application's terms and conditions stated: "This agreement shall be deemed accepted and performed in San Mateo County, California. The parties agree that any dispute under this agreement shall be exclusively submitted to the courts of San Mateo County for decision."

Based on the financial information provided in the credit application, Plaintiff extended credit to Defendant Solar Installs and shipped materials. (Chow Decl. ¶ 9.) Defendant Solar Installs's orders included approximately 34 orders for materials that were shipped throughout California and picked up by Defendant Solar Installs for use in Defendant Solar Installs's projects in California. (Chow Decl. ¶ 10.)

Plaintiff's communications regarding payment of Defendant Solar Installs's account was with Ms. Lynda Eads, who represented herself to be the controller at both Defendant Clear Solar and Defendant Solar Installs. (Chow Decl. ¶ 12.) On July 25, 2016, Defendant Clear Solar made a $153,163.37 payment to Plaintiff for materials ordered under Defendant Solar Installs's account. (Chow Decl. ¶ 13, Exh. C.)

On July 18, 2017, Ms. Eads, using the e-mail address lynda.eads@clearsolar.us, requested that Plaintiff provide copies of invoices for materials Plaintiff had shipped to Defendant Solar Installs. (Chow Decl. ¶ 14, Exh. D.) On August 3, 2017, in an e-mail with the subject "Solar Installs/Clear Solar," Plaintiff's director of credit asked Ms. Eads about the status of payments to Plaintiff. (Chow Decl. ¶ 15, Exh. E.) Ms. Eads responded that they were working on getting a payment to Plaintiff. Ms. Eads also informed Plaintiff's credit manager, Mr. Jeff Chow, that Defendant Paul Southam (president of Defendant Clear Solar) had to authorize payments for the outstanding balance owed by Defendant Solar Installs. (Chow Decl. ¶ 16.) For example, in a September 18, 2017 e-mail, Ms. Eads told Mr. Chow that "[w]e need to get all payment plans approved by Paul [Southam]." (Chow Decl. ¶ 17, Exh. F.) In an October 2, 2017 e-mail, Mr.

2

Chow informed Ms. Eads that Defendant Solar Installs had a $101,074.98 balance past due. (Chow Decl. ¶ 18, Exh. G at 2.) Mr. Chow asked if Ms. Eads had discussed a payment plan with Defendant Paul Southam. (*Id.*) Ms. Eads replied that Defendant Paul Southam had been out of the office and that he had not been able to meet about the materials. (Chow Decl., Exh. G at 1.)

On October 24, 2017, Mr. Chow asked Ms. Eads for an update on Defendant Solar Installs's outstanding balance of $322,395.13. (Chow Decl. ¶ 19.) After the outstanding balance was not paid, Plaintiffs filed the instant suit, asserting various claims related to the breach of contract. (Compl. ¶¶ 17-32.) Additionally, Plaintiffs bring claims for fraud and negligent misrepresentation based on David Southam allegedly misrepresenting Defendant Solar Installs's assets, liabilities, and net worth in the July 15, 2016 credit application. (Compl. ¶¶ 34-35.)

On April 2, 2018, Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) based on lack of personal jurisdiction, and for forum non conveniens. (Defs.' Mot. to Dismiss at 2.) In the alternative, Defendants seek to transfer venue to Utah. (*Id.*) On April 16, 2018, Plaintiff filed its opposition and a request for judicial notice. (Plf.'s Opp'n, Dkt. No. 15; Request for Judicial Notice ("RJN"), Dkt. No. 16.) On April 26, 2018, Defendants late-filed their reply. (Defs.' Reply, Dkt. No. 23.)

On June 1, 2018, the Court required supplemental briefing regarding whether personal jurisdiction exists as to Defendants Clear Solar and Paul Southam. (Dkt. No. 25 at 1.) The parties filed a joint supplemental brief on June 22, 2018. (Supp. Brief, Dkt. No. 27.)

## II.  LEGAL STANDARD

### A.  Request for Judicial Notice

A district court may take judicial notice of facts not subject to reasonable dispute that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993). A court may, therefore, take judicial notice of matters of public record. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

### B.  Motion to Dismiss Pursuant to Rule 12(b)(2)

Under Federal Rule of Civil Procedure 12(b)(2), a defendant may move to dismiss a claim

1   for lack of personal jurisdiction. The plaintiff bears the burden of demonstrating that the court has

2   jurisdiction over the defendant. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800

3   (9th Cir. 2004). "Where, as here, a motion to dismiss is based on written materials rather than an

4   evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts."

5   *Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 608 (9th Cir. 2010). To make a prima facie

6   showing, "the plaintiff need only demonstrate facts that if true would support jurisdiction over the

7   defendant." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). "Uncontroverted allegations

8   in the complaint must be taken as true, and conflicts over statements contained in affidavits must

9   be resolved in [the plaintiff's] favor." *Love*, 611 F.3d at 608.

### C.    Motion to Dismiss for Forum Non Conveniens or Transfer Venue

11     Generally, "[a] district court has discretion to decline to exercise jurisdiction in a case

12   where litigation in a foreign forum would be more convenient for the parties." *Lueck v.*

13   *Sundstrand Corp.*, 236 F.3d 1137, 1142 (9th Cir. 2001). The party moving to dismiss based on

14   forum non conveniens has the burden of showing that there is an adequate alternative forum and

15   that the balance of private and public interest factors favors dismissal. *Id.* at 1142-43. "A

16   plaintiff's choice of forum will not be disturbed unless the private and public interest factors

17   strongly favor trial in the foreign [forum]." *Dardengo v. Honeywell Int'l, Inc. (In re Air Crash*

18   *Over the Midatlantic*), 792 F. Supp. 2d 1090, 1094 (N.D. Cal. 2011).

> Factors relating to the parties' private interests include relative ease
> of access to sources of proof; availability of compulsory process for
> attendance of unwilling, and the cost of obtaining attendance of
> willing, witnesses; possibility of view of premises, if view would be
> appropriate to the action; and all other practical problems that make
> trial of a case easy, expeditious and inexpensive. Public-interest
> factors may include the administrative difficulties flowing from
> court congestion; the local interest in having localized controversies
> decided at home; [and] the interest in having the trial of a diversity
> case in a forum that is at home with the law. The Court must also
> give some weight to the plaintiffs' choice of forum.

*Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 134 S. Ct. 568, 581 n.6 (2013)

(internal quotations and citations omitted). Thus:

> The standard to be applied is whether, in light of these factors,
> defendants have made a clear showing of facts which either (1)

> establish such oppression and vexation of a defendant as to be out of
> proportion to the plaintiff's convenience, which may be shown to be
> slight or nonexistent, or (2) make trial in the chosen forum
> inappropriate because of considerations affecting the court's own
> administrative and legal problems.

*Cheng v. Boeing Co.*, 708 F.2d 1406, 1410 (9th Cir. 1983) (internal quotations omitted).

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." As with a motion to dismiss for forum non conveniens, a district court considering a § 1404(a) motion to transfer in the absence of a forum-selection clause "must evaluate both the convenience of the parties and various public-interest considerations." *Atl. Marine Constr. Co.*, 134 S. Ct. at 581. Thus, the district court must "weigh the relevant factors and decide whether, on balance, a transfer would serve the convenience of the parties and witnesses and otherwise promote the interest of justice." *Id.* (internal quotations omitted).

## III.    DISCUSSION

### A.    Request for Judicial Notice

Plaintiff requests that the Court take judicial notice of: (A) the California Secretary of State, Statement of Information for ClearSolar, CA, Inc. (a separate entity from the parties in this case); (B) the operative complaint; (C) the California Contractor State License Board's license detail for Defendant Solar Installs; (D) the California Contractor State License Board's license detail (personnel list) for Defendant Solar Installs; (E) the Utah Secretary of State, State Entity Details for Defendant Solar Installs; (F) the U.S. District Court "Judicial Caseload Profile" for the Northern District of California; and (G) the U.S. District Court "Judicial Caseload Profile" for the District of Utah. Defendants did not file an opposition to Plaintiff's request for judicial notice, and so Plaintiff is deemed to not dispute the authenticity of any of the exhibits.

The Court will take judicial notice of Exhibit A, the Statement of Information for ClearSolar, CA, Inc. Courts have found that "California Secretary of State filings are appropriate for judicial notice, as they are matters of public record . . . ." *L.A. Gem & Jewelry Design, Inc. v. Ecommerce Innovations, LLC*, CV 16-9325-RSWL-KSx, 2017 WL 1535084, at *3 (C.D. Cal.

Apr. 27, 2017); *see also Theta Chi Fraternity, Inc. v. Leland Stanford Junior Univ.*, 212 F. Supp. 3d 816, 823 (N.D. Cal. 2016).  The Court will also take judicial notice of Exhibits C through G, as these are documents obtained from publicly accessible websites maintained by the government, including the California Department of Consumer Affairs, the Utah Division of Corporations and Commercial Code, and the Administrative office of the U.S. District Courts.  *Compare with Platte River Ins. Co. v. P & E Automation, Inc.*, CV 12-5778 JGB-AJW, 2013 U.S. Dist. LEXIS 198823, at *8 (C.D. Cal. June 19, 2013).

With respect to Exhibit B, the operative complaint, the Court is not required to take judicial notice of information that is already a part of the record.  Thus, the Court denies Plaintiff's request for judicial notice of Exhibit B.

**B.    Motion to Dismiss Pursuant to Rule 12(b)(2)**

The parties dispute whether there is specific jurisdiction over each Defendant.  California's long-arm statute authorizes specific personal jurisdiction over nonresident defendants to the full extent permitted by the Due Process Clause of the United States Constitution.  To satisfy due process, a defendant must have sufficient "minimum contacts" with the forum state that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

The Court may assert specific personal jurisdiction over nonresident defendants if three requirements are met:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

With respect to the first factor, the court engages in a "purposeful availment" analysis for contract cases.  *Schwarzenegger*, 374 F.3d at 802.  "A showing that a defendant purposefully

availed himself of the privilege of doing business in a forum state typically consists of evidence of the defendant's actions in the forum, such as executing or performing a contract there." *Id.* The court engages in a "purposeful direction" analysis for tort cases. *Id.* "A showing that a defendant purposefully directed his conduct toward a forum state . . . usually consists of evidence of the defendant's actions outside the forum state that are directed at the forum, such as the distribution in the forum state of goods originating elsewhere." *Id.* at 803.

As to the third factor, the court considers the burden on the defendant, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the efficient resolution of controversies, and the shared interest of the states in furthering fundamental substantive social policies. *Burger King v. Rudzewicz*, 471 U.S. 462, 477 (1985). The defendant bears the burden of presenting a "compelling case" that jurisdiction would be unreasonable. *Id.*

### i. Solar Installs

Defendants argue that there is no jurisdiction over Defendant Solar Installs because Defendants "maintain[] no offices or agents in California, . . . own[] no property in California, [and] ha[ve] no significant long-term business activities in California," and that "all their employees, records, and files are located in Utah." (Defs.' Mot. to Dismiss at 4.) Plaintiff, in turn, points out that Defendant Solar Installs executed the credit application with Plaintiff, a California company. (*See* Chow Decl., Exh. B.) The credit application, moreover, states that it "shall be deemed accepted and performed in San Mateo County," and provides that "any disputes under this agreement shall be exclusively submitted to the courts of San Mateo County . . . ." (*Id.* at 2.) Additionally, Defendant Solar Installs placed approximately thirty-four orders with Plaintiff, which were shipped to locations in California and used by Defendant Solar Installs in its California projects. (Chow Decl. ¶ 10.) Defendants do not dispute these contacts in their reply.

The Court finds that these contacts demonstrate personal jurisdiction. First, there is purposeful availment because Defendant Solar Installs conducted business activities within California, including executing the credit application in this district and purchasing product from Plaintiff for use in California. Second, Plaintiff's claims are based on these contacts. The breach

of contract claims are based on Defendant Solar Installs's failure to pay for the product purchased, and the misrepresentation claims are based on statements made by Defendant Solar Installs in the credit application.  (*See* Chow Decl., Exh. B.)

Finally, the Court finds that the exercise of jurisdiction is reasonable; Defendant Solar Installs executed a contract with a California company, and used some of that product for its business activities in California.  Moreover, the credit application itself is deemed to have been accepted and performed in this district.  While Defendants argue that their records and employees are located in Utah, Defendants have not demonstrated that the burden is such that the exercise of jurisdiction would not be reasonable.  California also has an interest in adjudicating the dispute given that the harm was suffered in California.  *See Burger King*, 471 U.S. at 473 ("A State generally has a 'manifest interest' in providing its residents with a convenient forum for redressing injuries inflicted by out-of-state actors").  Furthermore, Plaintiff has an interest in obtaining convenient and effective relief, and Plaintiff has asserted that most of its witnesses and evidence are located in California.  (Chow Decl. ¶¶ 24-25.)  The Court therefore concludes, and Defendants conceded at the hearing, that specific jurisdiction exists as to Defendant Solar Installs.

### ii.    David Southam

Defendants argue that there is no personal jurisdiction as to Defendant David Southam because he did not personally make contacts with California resulting in the alleged injuries, does not maintain offices or agents in California, does not own property in California, has not solicited or initiated business in California, has not made in-person contact with any person in California resulting in Plaintiff's injuries, or had any contractual duties to perform in California resulting in Plaintiff's alleged injuries.  (Defs.' Mot. to Dismiss at 5.)  Plaintiff responds that Defendant David Southam sought out Plaintiff for the provision of product from California, executed the credit application in California, and made allegedly false misrepresentations on the credit application, which were directed at a California resident.  (Plf.'s Opp'n at 17.)  Defendants counter that those activities were made in his capacity as an officer and not as an individual, and therefore those contacts are irrelevant.  (Defs.' Reply at 2.)

The Court disagrees with Defendants.  "The Ninth Circuit has rejected the argument that,

8

for purposes of personal jurisdiction, 'employees who act in their official capacity are somehow shielded from suit in their individual capacity.'" *Rimes v. Noteware Dev. LLC*, Case No. 09-cv-281-EMC, 2010 WL 3069250, at *2 (N.D. Cal. Aug. 4, 2010) (quoting *Davis v. Metro Prods., Inc.*, 885 F.2d 515, 521 (9th Cir. 1989). As long as the individual defendant "has had sufficient contacts with California, whether in an official or personal capacity, then there is personal jurisdiction." *Id.*

The Court finds that there is personal jurisdiction over Defendant David Southam based on his contacts with the forum. Here, Defendant David Southam's contacts with California include personally signing and executing the credit application, which by its terms was deemed to be accepted and performed in this district. (*See* Chow Decl., Exh. B at 2.) On the credit application, Defendant David Southam allegedly misrepresented the assets, liabilities, and net worth of Defendant Solar Installs. (*Id.* at 1.) Whether Defendant David Southam signed and executed the credit application or made the alleged misrepresentations in an official or personal capacity is irrelevant. The case, in turn, arises from the debt incurred pursuant to the credit application, as well as the alleged misrepresentations. Finally, for the same reasons as discussed above with respect to Defendant Solar Installs, the Court finds that the exercise of jurisdiction is reasonable. Again, at the hearing, Defendants conceded that there was personal jurisdiction over Defendant David Southam.

### iii. Clear Solar

Defendants argue there is no personal jurisdiction as to Defendant Clear Solar for the same reasons that it contends there was no personal jurisdiction as to Defendants Solar Installs and David Southam. (Defs.' Mot. to Dismiss at 4.) Plaintiff responds with two arguments.

#### a. Clear Solar's California Contacts

First, Plaintiff points to Defendant Clear Solar's contacts with California, specifically that it ordered materials from Plaintiff in California and signed a contract with Plaintiff in California. (Plf.'s Opp'n at 13; Supp. Brief at 5.) Plaintiff also contends that Defendant Clear Solar "maintains" ClearSolar, CA, Inc., a California corporation which advertises itself as "California's clear choice for solar power." (*Id.*)

1    These contacts are insufficient to create personal jurisdiction.  As an initial matter, there is

2    no showing that Defendant Clear Solar "maintains" ClearSolar, CA, Inc.; the statement of

3    information names Defendant Paul Southam as the CEO, but does not list Defendant Clear Solar

4    as having any role in the company.  (*See* RJN, Exh. A.)  Even if the two companies were related,

5    Plaintiff makes no showing that the companies are alter egos, or that ClearSolar, CA, Inc.'s

6    contacts can otherwise be imputed to Defendant Clear Solar.

7    Plaintiff contends that Defendant Clear Solar failed to pay for Defendant Solar Installs's

8    account, and that some of the product bought on Defendant Solar Installs's account was used in

9    California projects by Defendant Solar Installs.  (Plf.'s Opp'n at 13.)  The Court finds that this fact

10   is insufficient to establish personal jurisdiction over Defendant Clear Solar.  While Defendant

11   Clear Solar was paying for product used in California, pursuant to the credit application made in

12   California, the party who used the product and entered into the credit application was Defendant

13   Solar Installs, *not* Defendant Clear Solar.  As discussed below, the contacts of Defendant Solar

14   Installs cannot be imputed to Defendant Clear Solar, as Plaintiff has failed to adequately

15   demonstrate alter ego liability.  The Court finds that Plaintiff cannot establish personal jurisdiction

16   based solely on Defendant Clear Solar's failure to pay for product ordered by a separate company,

17   for use in that company's projects, under an agreement that Defendant Clear Solar was not a party

18   to.  *See Sibley v. Superior Court*, 16 Cal. 3d 442, 447-48 (1976) ("while other parties involved in

19   this action had considerable contacts with California, there is no indication that petitioner intended

20   to conduct business or in any other way directly or indirectly gain from dealings in this state; the

21   purpose of other parties cannot be imputed to petitioner for the purpose of assuming personal

22   jurisdiction over him").  Plaintiff cites to no authority with similar facts.

23   As to Defendant Clear Solar's own contacts with California, including its ordering of

24   materials from Plaintiff and signing a contract with Plaintiff that is deemed to have been executed

25   and performed in this district, this case does not arise from those contracts.  Instead, this case

26   arises from the failure of Defendant *Solar Installs* to pay for materials ordered by Defendant Solar

27   Installs, under the terms of the credit agreement signed by Defendant Solar Installs.

28   In the supplemental brief, Plaintiff argues that the "but for" test to determine if a claim

arises from the forum-related contacts is satisfied because Defendant Clear Solar requested that Plaintiff open a new account for Defendant Solar Installs. (Supp. Brief at 5; *see also* Chow Decl. ¶ 7.) The Court disagrees, as Plaintiff does not assert that it would not have opened the account for Defendant Solar Installs but for Defendant Clear Solar's request. Moreover, as Defendants pointed out at the hearing, Plaintiff's decision to open the account for Defendant Solar Installs was ultimately based on Defendant Solar Installs's credit application, which Plaintiff reviewed and apparently decided was adequate to extend credit.

Even if the Court was to find the "but for" test satisfied, the Court finds that the exercise of jurisdiction would be unreasonable. At this juncture, Plaintiff's only allegation is that Defendant Clear Solar requested an account be opened for Defendant Solar Installs, and that Defendant Solar Installs then failed to pay for material that it ordered. It would not be reasonable to expect that one could be hailed into a foreign court based solely on a request that an account be opened for another company, whose default then led to litigation.

### b. Alter Ego Liability

In the alternative, Plaintiff contends that Defendant Clear Solar and the remaining Defendants are alter egos. (Supp. Brief at 6-8; Compl. ¶ 15.) "To satisfy the alter ego test, a plaintiff must make out a prima facie case (1) that there is such unity of interest and ownership that the separate personalities of the two entities no longer exist and (2) that failure to disregard their separate entities would result in fraud or injustice." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1073 (9th Cir. 2015) (internal quotation and modifications omitted). While "[t]he standard for personal jurisdiction under an alter ego theory is lower than the standard for liability under an alter ego theory . . . courts have [required] that plaintiffs make more than just 'conclusory allegations' to support personal jurisdiction under an alter ego theory." *Television Events & Mktg., Inc. v. Amcom Distrib. Co.*, 416 F. Supp. 2d 948, 962-63 (D. Haw. 2006).

The Court finds that Plaintiff has failed to satisfy either prong. Under the "unity of interest" prong, Plaintiff must make "a showing that [one entity] controls the subsidiary to such a degree as to render the latter the mere instrumentality of the former." *Ranza*, 793 F.3d at 1073 (internal quotation omitted). For example, with respect to a parent and subsidiary, "[t]his test

11

envisions pervasive control over the subsidiary, such as when a parent corporation dictates every facet of the subsidiary's business-from broad policy decisions to routine matters of day-to-day operations." *Id.* (internal quotation omitted). Total ownership and shared management personnel, however, "are alone insufficient to establish the requisite level of control." *Id.* When assessing whether there is unity of interest, courts consider:

> the commingling of funds and other assets of the entities, the holding out by one entity that it is liable for the debts of the other, identical equitable ownership of the entities, use of the same offices and employees, use of one as a mere shell or conduit for the affairs of the other, inadequate capitalization, disregard of corporate formalities, lack of segregation of corporate records, and identical directors and officers.

*Stewart v. Screen Gems-EMI Music, Inc.*, 81 F. Supp. 3d 938, 954 (N.D. Cal. 2015).

Here, the only allegation regarding alter ego liability as to Defendant Clear Solar is: "the degree of unity of interest and ownership among Defendant Clear Solar ("Related Company") on one hand, and Solar Installs, on the other, makes the separate corporate personalities merged so that, in practice, the entities form a single enterprise." (Compl. ¶ 15.) This conclusory allegation fails to establish a prima facie case of alter ego liability.

Plaintiff's remaining arguments fare no better. First, Plaintiff again argues that Defendant Clear Solar requested that Plaintiff open an account for Defendant Solar Installs. (Supp. Brief at 8.) This fact does not demonstrate that Defendant Clear Solar has any control over Defendant Solar Installs. Second, Plaintiff argues that "Clear Solar, through its President, was solely responsible for the timing and amount of payments on the Solar Installs account." (*Id.*) Plaintiff also points out that Defendants Clear Solar and Solar Installs use the same address, and communicated with Plaintiff through the same management, specifically Controller Lynda Eads. (*Id.*) While true, the Court concludes that, applying the unity of interest factors, these facts do not demonstrate that Defendant Clear Solar's control over Defendant Solar Installs was so pervasive as to "render the latter the mere instrumentality of the former." *Ranza*, 793 F.3d at 1073.

First, Plaintiff makes no showing that Defendants commingled their assets, and this factor weighs against a finding of unity of interest. Second, Defendant Clear Solar appears to have held itself out as responsible for Defendant Solar Installs's debt, as it paid for its account. This factor

weighs in favor of an alter ego finding. Third, Plaintiff makes no argument that there is equitable ownership, weighing against a finding a unity of interest. Fourth, Plaintiff demonstrates that Defendants Clear Solar and Solar Installs use the same address, and have at least one employee in common, which weighs somewhat in favor of an alter ego finding. Fifth, although Plaintiff theorizes that Defendant Solar Installs "was being used as a conduit to obtain materials which would be used, but not paid for, by its related company Clear Solar," Plaintiff presents no actual facts or evidence in support. (Compl. ¶ 35.) This weighs against an alter ego determination. Sixth, while Plaintiff alleges that Defendant Solar Installs was insolvent, it again alleges no facts in support. (Compl. ¶ 35.) Seventh, Plaintiff does not argue that there was a disregard of corporate formalities, and thus this weighs against finding a unity of interest. Eighth, Plaintiff likewise does not argue there was a failure to segregate corporate records, again weighing against a finding of unity of interest. Finally, Plaintiff admits that Defendants Clear Solar and Solar Installs do not have identical officers and directors, as Defendant "Paul Southam was not an officer of Solar Installs." (Supp. Brief at 8.) Considering these factors together, the Court concludes that the factors do not support a finding of unity of interest among these entities.

Even if Plaintiff had made a prima facie case for alter ego liability, it fails to establish the second prong of inequity. "To establish inequity in the absence of alter ego liability, a plaintiff must plead facts sufficient to demonstrate that conduct amounting to bad faith makes it inequitable for the corporate owner to hide behind the corporate form." *Stewart*, 81 F. Supp. 3d at 963. Here, however, Plaintiff only makes the conclusory allegation that treating Defendant "Solar Installs as an entity distinct from Clear Solar and Paul and David Southam would permit an abuse of the privilege of incorporation and would sanction fraud and/or promote injustice" is insufficient to establish the second prong of the alter ego test. (Supp. Brief at 8.) This is insufficient; Plaintiff must allege actual facts in support of its conclusion.

The Court concludes that Plaintiff has failed to show that there is personal jurisdiction over Defendant Clear Solar based on an alter ego theory. Therefore, the claims against Defendant Clear Solar are DISMISSED for lack of jurisdiction.

      **iv.    Paul Southam**

1    As with Defendant Clear Solar, Plaintiff seeks to establish personal jurisdiction over

2    Defendant Paul Southam in two ways.  First, Plaintiff points to his direct California contacts,

3    specifically that he is president of ClearSolar CA, Inc., a non-party to this suit, and that he was

4    directly involved in approving the payments on Defendant Solar Installs's account.  (Plf.'s Opp'n at

5    14; Supp. Brief at 3.)  Second, Plaintiff argues that the defendants can be deemed alter egos of one

6    another.  (Supp. Brief at 8.)

7    As discussed above with respect to Defendant Clear Solar, the Court finds that Plaintiff has

8    failed to show that the Court has personal jurisdiction over Defendant Paul Southam.  Again, the

9    fact that Defendant Paul Southam is president of a non-party to this suit is unrelated to the claims

10   of this case.  Additionally, his role in approving payments on Defendant Solar Installs's account is

11   insufficient to establish personal jurisdiction, as the product was used by Defendant Solar Installs

12   and payment was due pursuant to the credit application entered into by Defendant Solar Installs.

13   As to alter ego liability, Plaintiff fails to allege facts.  The allegations of the complaint are

14   conclusory statements that often echo the factors used by the courts to determine if there is unity

15   of interest or inequity, without providing specific facts in support.  (*See* Compl. ¶¶ 14, 16.)  Again,

16   conclusory allegations are insufficient to support personal jurisdiction under an alter ego theory.

17   *Television Events & Mktg., Inc.*, 416 F. Supp. 2d at 962-63.  Thus, the claims against Defendant

18   Paul Southam are DISMISSED for lack of jurisdiction.

19   **C.    Forum Non Conveniens and Transfer Venue**

20   As to Defendants Solar Installs and David Southam, the Court DENIES the motion to

21   dismiss based on forum non conveniens or to transfer venue.

22   First, the evidence and witnesses are located in both California and Utah, rendering this

23   factor neutral.  Second, Defendants do not suggest that compulsory process for attendance of

24   unwilling witnesses is unavailable in California or prohibitively expensive; while Defendants

25   would have to pay to fly witnesses out to California, Plaintiff would bear similar costs if the case

26   was transferred to Utah.  Third, while Defendants argue that a judgment obtained in Utah would

27   be enforceable in Utah, they make no argument that a judgment obtained in California would not

28   also be enforceable in Utah.  (*See* Defs.' Mot. at 7.)  Fourth, the Court disagrees with Defendants'

conclusory argument that practical considerations make trial more efficient and less expensive in Utah instead of California, particularly where Plaintiff's evidence and witnesses are primarily located in California. Fifth, Defendants cite to no administrative difficulties flowing from court congestion; indeed, according to the Judicial Caseload Profile, cases in this district appear to proceed more quickly than in Utah. (*See* RJN, Exh. F (Northern District of California median time from filing to disposition in civil cases is 7.2 months, and from filing to civil trial is 26.7 months); Exh. G. (Utah median time from filing to disposition in civil cases is 7.9 months, and from filing to civil trial is 35.5 months). Sixth, California has an interest in this localized controversy, as the case involves misrepresentations made in a contract performed and executed in California, as well as the failure to pay for product bought and used in California pursuant to that same contract. Seventh, this Court is capable of hearing the common law claims that are brought in the case. Finally, the Court must give some weight to Plaintiff's choice of forum.

Considering these factors together, the Court finds that Defendants have not made a clear showing of oppression and vexation disproportionate to Plaintiff's convenience, or that trial is inappropriate because of considerations affecting the Court's administrative and legal problems. Thus, dismissal based on forum non conveniens or transfer to Utah is inappropriate.

### IV. CONCLUSION

For the reasons stated above, the Court DENIES the motion to dismiss for lack of personal jurisdiction as to Defendants Solar Installs and David Southam, and DENIES the motion to dismiss based on forum non conveniens or to transfer venue. The Court GRANTS the motion to dismiss for lack of personal jurisdiction as to Defendants Clear Solar and Paul Southam. Because it does not appear that amendment is futile, however, the dismissal is without prejudice; Plaintiff may file an amended complaint within **thirty days** of the date of this order which alleges facts regarding alter ego liability.

IT IS SO ORDERED.

Dated: July 9, 2018

_____
KANDIS A. WESTMORE
United States Magistrate Judge